**NOT FOR CITATION**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JASON DAVID YONAI,

    Petitioner,

vs.

SVSP Superintendent Ms. EVANS,

    Respondent.

No. C 07-1290 PJH (PR)

**DENIAL OF LEAVE TO PROCEED IN FORMA PAUPERIS; DISMISSAL AND DISMISSAL WITH LEAVE TO AMEND**

    Petitioner, a California prisoner currently incarcerated at Salinas Valley State Prison, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He also requests leave to proceed in forma pauperis.

    The petition is directed to a rules violation decision which resulted in loss of good time. It thus goes to the execution of petitioner's sentence, so venue is appropriate here, where he is confined. *See* 28 U.S.C. § 2241(d).

**BACKGROUND**

    Petitioner was found guilty on a rule violation report dated January 23, 2002, charging him with assault with a deadly weapon. As a consequence he lost 360 days of good time credit and was given a fourteen month term in the Security Housing Unit ("SHU"). He contends that with the direct loss of good time plus that lost as a consequence of being in the SHU, he lost a total of 645 days of good time credit. He contends he has raised the claims presented here by way of many different petitions and applications to the state courts.

///

///

**DISCUSSION**

**A. Standard of Review**

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243.

Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). A petition must "specify all the grounds for relief" and set forth "facts supporting each of the grounds thus specified." Rule 2(c), Rules Governing Section 2254 Cases in the Federal District Courts, 28 U.S.C. foll. § 2254.

**B. Legal Claims**

As grounds for federal habeas relief, petitioner asserts that: (1) his conviction of the rules violation was "illegal" because it was based on false physical evidence, false testimony, and illegally obtained evidence; (2) his procedural due process rights were violated when photos which would have proved his innocence were missing; (3) his equal protection and *Miranda* rights were violated; (4) he is falsely incarcerated and actually innocent.

Petitioner's first issue does not allege any federal basis for habeas relief, so will be dismissed. *See Middleton v. Cupp*, 768 F.2d 1083, 1085 (9th Cir. 1985) (federal writ of habeas corpus available "only on the basis of some transgression of federal law binding on the state courts."). And there is no clearly-established federal law saying that it violates the constitution to find a prisoner guilty of a rule violation when he actually is innocent, so the fourth issue also will be dismissed. *Cf. Coley v. Gonzalez*, 55 F.3d 1385, 1387 (9th Cir. 1995) (*Herrera v. Collins*, 506 U.S. 390, 400 (1993), made it clear that there can be no habeas relief from a conviction based solely on a petitioner's claim of actual innocence).

///

In his second issue petitioner alleges a federal basis for relief, due process, but does not explain sufficiently what the alleged violation was. Much of his statement of the facts that support this claim is given up to a contention that the length of his sentence was affected by the disciplinary proceeding, a contention which the court accepts for purposes of this order; as to the claim itself, he says only that "my photos that would of proved my innocence that were supposed to be a part of my C.D.C. 837 Log No. DVI-RC-02-01-0015 dated 1-23-02 were missing during my whole R.V.R. 115 disciplinary hearing for my R.V.R. Log No. 02-01-23-R.C.A. which resulted in an unfair disciplinary hearing in my bad [sic] behalf... ."

In *Wolff v. McDonnell*, 418 U.S. 539 (1974), the Supreme Court held that "the inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." *Id.* at 566. It is arguable, at this stage of the case, that this implies an obligation not to thwart the prisoner's presentation of documentary evidence, such as the pictures to which petitioner refers. It would, however, be impossible for respondent to answer this claim without more explanation of what happened – what the "C.D.C. 837 Log No. DVI-RC-02-01-0015 dated 1-23-02" is, why it contained pictures, what the pictures were of, whether petitioner asked for them at the rules hearing, why petitioner thinks the pictures would establish his innocence, and so on. This issue will be dismissed with leave to amend to explain in more detail the factual basis for this claim. *See* Rule 4 Advisory Committee Notes ("'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

In his third issue petitioner contends that his equal protection and *Miranda* rights were violated. For the facts in support of this claim he says to "see all of the paperwork in this federal writ... ." This is insufficient. The court will not rummage through his exhibits trying to ascertain a constitutional violation. Instead, he must point out the facts which he contends support his claim. This claim will be dismissed with leave to amend.

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1. In view of petitioner's income and account balance, leave to proceed in forma pauperis (document 2 on the docket) is **DENIED**. Petitioner shall pay the five dollar ($5) filing fee within thirty days of the date of this order or the case will be dismissed.

2. Issues one and four are **DISMISSED**.

3. Issues two and three are **DISMISSED WITH LEAVE TO AMEND** within thirty days from the date of this order is entered. The amendment must include the caption and civil case number used in this order and the words AMENDED PETITION on the first page. Failure to amend within the designated time will result in the final dismissal of this case. .

4. Petitioner must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He also must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

**IT IS SO ORDERED.**

Dated: July 3, 2007.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\HC.07\YONAI290.DWL